IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-00497-CYC

SPARSH SINGH,

    Petitioner,

v.

PAMELA BONDI, U.S. Attorney General, in her official capacity;
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity;
U.S. DEPARTMENT OF HOMELAND SECURITY;
WARDEN OF DENVER CONTRACT DETENTION FACILITY; and
TODD M. LYONS, in his Official Capacity as Acting Director of US Immigration and Customs Enforcement,

    Respondents.

___

### ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Sparsh Singh, a detainee at the Denver Contract Detention Facility, an immigration detention facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"); ECF No. 2-1. Instead, he says, 8 U.S.C. § 1226(a) governs his detention vel non. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court grants in part the Petition and denies as moot the motion for temporary restraining order and/or preliminary injunction.

### BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States under a new interpretation of 8

1

U.S.C. §§ 1225, 1226. *E.g., Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). The petitioner seeks release or, in the alternative, a bond hearing, and legal fees and costs. ECF No. 1 at 16.

The petitioner, a citizen of India, has lived in the United States since he entered without inspection in May 2022. *Id.* at 2–3. As a result, he had been present in the United States for years before he was encountered by Immigration and Customs Enforcement ("ICE") officers on October 29, 2025, while delivering food at the United States Air Force Academy. *Id*. at 2. The petitioner argues that he is entitled to a bond hearing under 8 U.S.C. § 1226 and the respondents do not offer any evidence of a criminal history that requires mandatory detention. *See* 8 U.S.C. § 1226(c). Instead, they maintain that he is detained pursuant to 8 U.S.C. § 1225(b). ECF No. 9 at 1–3.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to him, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v.*

2

*Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination), and that his continued detention premised on 8 U.S.C. § 1225(b)(2)(A) violates his due process rights and the Immigration and Nationality Act. ECF No. 1 at 12–16. The Court has previously resolved this legal question in favor of a similarly situated petitioner. *Jimenez Facio*, 2025 WL 3559128, at *1–4. The respondents recognize this, but "respectfully disagree with that ruling." ECF No. 9 at 2. The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases and incorporates its analysis from *Jimenez Facio*. 2025 WL 3559128, at *1–4. To the extent the respondents contend that the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, --- F. 4th ----, 2026 WL 323330, at *5–10 (5th Cir. Feb. 6, 2026), makes a difference, *see* ECF No. 11 at 2–3, Judge Sweeney's thorough rebuttal of that divided decision provides a solid foundation to maintain the consensus that exists in this District. *See Singh v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026). Accordingly, the Court finds that the petitioner is detained pursuant to 8 U.S.C. § 1226, and his continued detention without a bond hearing is therefore a violation of due process.

The petitioner requests attorneys' fees and costs. ECF No. 1 at 16. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all

applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

There is a final matter. The petitioner moves for a temporary restraining order and/or preliminary injunction. Because the Court grants the habeas petition, which requests identical relief to the habeas petition, the Court denies the motion for a temporary restraining order and/or preliminary injunction as moot. *See, e.g.*, *Alfaro Herrera v. Baltazar*, No. 1:25-CV-04014-CNS, 2026 WL 91470, at *14 (D. Colo. Jan. 13, 2026).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part** and **DENIED without prejudice in part**. It is further ORDERED that Motion for a Temporary Restraining Order and/or Preliminary Injunction, ECF No. 2, is **DENIED as moot**.

It is further ORDERED that

(1) the respondents shall provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of this Order;

(2) the respondents are **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

(3) the respondents shall file a status report within **five days** of the petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Entered and dated this 23rd day of February, 2026, at Denver, Colorado.

BY THE COURT:

_____

                                                Cyrus Y. Chung
                                                United States Magistrate Judge